UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUMMER PEACE,

    Plaintiff,

v.                                                                                          Case No:

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.
_____/

**COMPLAINT FOR DISPARATE TREATMENT, DISCRIMINATION, AND VIOLATIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

Plaintiff, Summer Peace, by and through the undersigned attorneys, filed this Complaint against Chipotle Mexican Grill, Inc., and states as follows:

**PARTIES**

1. Plaintiff, Summer Peace, is a resident of Polk County, Florida, and was an employee with the Defendant.

2. At all times pertinent, Plaintiff's employer, pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000e et. seq, was Chipotle Mexican Grill, Inc.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., This District possesses venue of this matter pursuant to 42 U.S.C. § 2000e-5(f). The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The Plaintiff has lived in Polk County, Florida at all times relevant to this suit. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

## GENERAL FACTUAL ALLEGATIONS

4. Plaintiff realleges and incorporates paragraphs 1 through 3 as if set forth herein.
5. Plaintiff has exhausted all her administrative remedies.
6. Plaintiff had to retain the undersigned attorneys to represent her and has agreed to pay reasonable attorney's fees and costs.
7. Plaintiff demands trial by jury on all counts so triable.

8. On or about February 9, 2022, Plaintiff was hired by the Defendant through a prison work release program;

9. On or about June 30, 2022 Plaintiff transferred from the St. Petersburg, Florida location where she had been working the prison work release program to the Lakeland, Florida location.

10. On or about June 30, 2022, Plaintiff was promoted to Manager.

11. On or about January 8, 2023, Plaintiff was terminated from Defendant for having a criminal record.

## COUNT I
## DISPARATE TREATMENT

12. Plaintiff realleges and incorporates paragraphs 1 through 11 as if set forth herein.

13. The Plaintiff is a member of a protected class as a female and a person over the age of 40;

14. The Plaintiff's employment situation is comparable to other employees not of the same protected class; and,

15. The Plaintiff was treated differently than other employees with respect to terms, conditions or benefits of employment.

16. The Plaintiff was treated differently than other employees when she was terminated from her employment for being a convicted felon;

17. The Plaintiff was treated differently and ultimately terminated where other employees not in the protected class were treated more favorably.

## COUNT II
## DISCRIMINATION

18. Plaintiff realleges paragraphs 1 through 11 as if set forth herein.

19. The Plaintiff is a member of a protected class as a female and a person over the age of 40;

20. The Plaintiff was terminated from her employment with the Defendant.

21. The Plaintiff had been employed with the Defendant for almost a year without issue at the time of her termination.

22. The Plaintiff's termination was based upon an employment background check that was completed in December 2022.

23. The Plaintiff had previously had an employment background check completed by the Defendant without issue.

24. There was no change in the Plaintiff's background check from her initial employment in February 2022 to December 2022.

25. The Plaintiff was hired with Defendant through a prison work release program.

26. The Defendant terminated the Plaintiff's employment based upon a blanket policy of not hiring felons.

27. The Defendant had no legitimate business purpose for the blanket policy and had been employing the Plaintiff for nearly a year prior to the termination.

28. The Plaintiff was treated differently than other employees who were not in the protected class.

29. The Defendant has no legitimate business reason for terminating the Plaintiff's employment.

30. The Plaintiff was injured by the adverse employment action as she lost income, benefits and opportunities for advancement through the Defendant's discriminatory policy.

**WHEREFORE**, the Plaintiff requests this Court to enter a Judgment against Defendant for disparate treatment.

   a. Violation of her rights under Title VII of the Civil Rights Act of 1964, as amended;

   b. Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain, emotional distress, and humiliation, past and future; and past and future medical expenses;

   c. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

d. A permanent injunction against future acts of discrimination and harassment against Plaintiff;

e. Trial by jury on all issues so triable;

f. Costs expended herein, including reasonable attorneys' fees;

g. Pre-judgment and post-judgment interest; and,

h. Any and all other relief to which she may be entitled.

Respectfully submitted,

KURTZ LAW OFFICES, LLC

/s/ Serena M. Kurtz
Florida Bar No. 88683
200 E Robinson St Ste 1120-B25
Orlando, FL 32801-1945
Tel. (407) 987-4529
E-mail: Serena@GetKurtz.com
Alt. E-mail: Patrick@GetKurtz.com
Attorney for Plaintiff